# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Church of the Nativity d/b/a Nativity Episcopal Church, | Case No: 21-cv-1398 |
| Plaintiff, | |
| v. | |
| GuideOne Specialty Mutual Insurance Company, | |
| Defendant. | |

## STIPULATION TO AMEND CASE SCHEDULE
## AND JOINT REQUEST FOR TELEPHONE CONFERENCE

Pursuant to Federal Rule of Civil Procedure 6(b), and based on the agreement of the parties and their joint statement of good cause below, Plaintiff and Defendant hereby jointly request that the Court extend initial case deadlines and schedule an initial telephonic case management conference as more fully described below.

### FACTUAL BACKGROUND

This case arises from a disputed property insurance claim for which Defendant demanded appraisal. In the property insurance context, appraisal is an alternative process for resolving disputes concerning the amount of loss in which each party appoints an appraiser, the appraisers appoint an umpire, and the three-person appraisal panel resolves the dispute by agreement of at least two members. The parties agree that appraisal is an appropriate method for resolving their dispute regarding the disputed amount of the claimed loss but have not yet proceeded with appraisal because Plaintiff objects to the appraiser appointed by Defendant.

On May 14, 2021, Plaintiff filed suit in Minnesota state court, asserting a claim for breach of contract, and a claim for a declaratory judgment that Defendant must appoint a different appraiser. (ECF Doc. 1, Ex. 1 pp. 4-5.) On May 19, 2021, Plaintiff filed (in state court) its Notice of Motion and Motion to Compel Defendant to Name a New Appraiser, to Compel Appraisal, and Stay Litigation. (ECF Doc. 1, Ex. 1 p. 14.) On June 14, 2021, Defendant removed the case to this Court.

Having met and conferred through their respective counsel, the parties agree that the central matter to be addressed by the Court is whether Defendant's appointed appraiser may serve in that role. The parties further agree that resolution of that issue may moot the other issues in the lawsuit and may lead to dismissal of the remainder of Plaintiff's claims. Accordingly, the parties anticipate that Plaintiff will promptly file a motion like the one it filed in state court, thereby bringing what is currently the central issue in the case before this Court for resolution.

The most immediate deadline in this case is for Defendant to answer or otherwise respond to the Complaint. Per Fed. R. Civ. P. 81(c)(2)(C), that deadline is Monday, June 21, 2021. (Seven days after the June 14, 2021 removal of the case to this Court.) That deadline will be followed by deadlines for the joint Rule 26(f) report, initial disclosures and document productions pursuant to Rule 26(a), and others. The parties agree that extending these deadlines until after the Court resolves Plaintiff's motion on the appraiser issue is likely to preserve the resources of the Court and the parties.

**STATEMENT OF GOOD CAUSE**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b). Here, the June 21 deadline for Defendant to respond to the Complaint has not passed, nor have the other deadlines described above. Good cause to extend these deadlines exists because doing so is likely to preserve the resources of the Court and the parties, and because these procedural steps may become moot through the resolution of the appraiser issue.

**PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff and Defendant hereby jointly and respectfully request that the Court extend the deadline for Defendant to respond to the Complaint to Tuesday, September 7, 2021. The parties further request that the Court schedule an initial telephonic status conference to discuss how best to address other initial procedural steps such as those required by Rule 26.

**SMITH JADIN JOHSON, PLLC**

Dated:  June 14, 2021

  /s/ *Alexander M. Jadin*
Alexander M. Jadin (#387219)
Marcus P. Zelzer (#401944)
7900 Xerxes Avenue, Suite 2020
Bloomington, MN 55431
952-388-0289
ajadin@ssjlawfirm.com
mzelzer@sjjlawfirm.com

*Attorneys for Plaintiff*

                                          **ZELLE LLP**

Dated:  June 14, 2021           /s/ *Dennis Anderson*
                                       Lindsey A. Davis (#0332148)
                                       Dennis Anderson (#0396147)
                                       500 Washington Avenue South, Suite 4000
                                       Minneapolis, MN  55415
                                       612-339-2020
                                       ldavis@zelle.com
                                       danderson@zelle.com

                                       ***Attorneys for Defendant***