UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHURCH OF THE NATIVITY, d/b/a Nativity Episcopal Church,<br><br>Plaintiff,<br><br>v.<br><br>GUIDEONE SPECIALTY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | Case No. 21-CV-1398 (PJS/TNL)<br><br>ORDER |

Alexander M. Jadin, SMITH JADIN JOHNSON, PLLC, for plaintiff.

Lindsey A. Davis, Dennis C. Anderson, ZELLE LLP, for defendant.

This case arises out of hail damage to real property that belongs to plaintiff Church of the Nativity ("the Church") and that was insured by defendant GuideOne Specialty Mutual Insurance Company ("GuideOne"). This matter is before the Court on the Church's motion to compel appraisal of the hail damage, to compel GuideOne to name a new appraiser, and to stay litigation. For the reasons that follow, the Church's motion is denied, and the Court orders the Church to show cause why the remainder of this case should not be dismissed for lack of jurisdiction.

The Church sustained wind damage to its property in April 2019. McClay Aff. ¶ 4. In July 2019, while the Church's claim for the wind damage was pending, the Church sustained hail damage to the same property. McClay Aff. ¶ 2. GuideOne

sought a single appraisal for both losses, but the Church insisted on separate appraisals. McClay Aff. ¶¶ 5–6. GuideOne relented.

The parties went forward with the appraisal for the wind damage in October 2020. Jadin Aff. ¶ 3 & Ex. 2. Under the governing insurance policy, each side is entitled to select a "competent and impartial" appraiser and the two appraisers then select an umpire. ECF No. 15-1 at 69. GuideOne selected Jeff Nonhof, and the Church selected Paul Norcia. McClay Aff. ¶¶ 5–6. (The record does not identify the umpire.) The panel awarded the Church $20,800 for the wind damage. Jadin Aff. Ex. 2.

For the hail-damage appraisal, GuideOne once again selected Jeff Nonhof and the Church selected Kevin Baker. McClay Aff. ¶¶ 5–6. The Church now objects to Nonhof serving as the appraiser on the hail claim on the grounds that, because Nonhof previously served as an appraiser on the wind claim, and because he received compensation for those services from GuideOne, he is not impartial. The Church cites *Tilden v. Midwest Family Mutual Insurance Co.*, No. C4-87-2356, 1988 WL 53105 (Minn. Ct. App. May 31, 1988), for the proposition that the Court has the authority to order appointment of a new appraiser.

In *Tilden*, the trial court ordered the appointment of a new appraiser because the appraiser had acted improperly by conducting an independent investigation at the request of the property owner. *Id.* at *1. The appraiser's actions thus "implied that he

was under the control or influence of [the property owner] and therefore unable to provide a disinterested opinion." *Id.* While criticizing the trial court's actions as "unnecessary and gratuitous," the appeals court also stated that, "[a]lthough Minn. Stat. § 65A.01 does not specifically empower the court to order appointment of a new appraiser, where obvious bias has been found it is within the broad discretion of the trial court to do so." *Id.* at *1–2.

As GuideOne notes, § 65A.01 governs fire-insurance policies and does not apply to losses caused by other hazards, such as wind and hail. *See Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.*, 383 N.W.2d 645, 651 n.8 (Minn. 1986) ("While an all-risk policy such as this one falls within the purview of the Standard Policy . . . the Standard Policy applies only to losses due to fire and not to casualty losses."). Setting that aside, even assuming that the Court possesses the "broad discretion" to order the appointment of a new appraiser, the Court would decline to do so, as there is no evidence of "obvious bias" on Nonhof's part. As noted, in *Tilden*, the trial court found that the appraiser's willingness to engage in an unsanctioned independent investigation at the property owner's behest indicated that the appraiser was under the property owner's control. Here, by contrast, there is nothing but the bare fact that Nonhof participated in an appraisal of different damage to the same property and received the compensation to which he was entitled.

The Church also points to *Christianson v. Norwich Union Fire Insurance Society*, 88 N.W. 16 (Minn. 1901), to argue that Nonhof's prior experience with the property renders him biased.  In *Christianson*, the Minnesota Supreme Court affirmed a finding that the damage award was invalid because some of the referees engaged in egregious misconduct, which included, among other things, one of them "openly declar[ing] himself the representative of the insurance company's interests" and two of them privately gathering evidence and on their own reconsidering and reducing the amount of loss that the full board had previously determined.  *Id.* at 17–18.  But the court did not hold that prior knowledge is by itself disqualifying; to the contrary, it noted that "if any referee had privately ascertained the existence of evidence bearing upon the case, it was his duty to take the proper steps to have it produced before the board."  *Id.* at 18.

Here, the Church does not allege that either GuideOne or Nonhof engaged in improper conduct in connection with the first appraisal.  Under these circumstances, there is no showing of bias, much less "obvious" bias.  *Cf. Springer v. Wells Fargo Bank, N.A.*, 784 F. App'x 721, 724 (11th Cir. 2019) ("Although [the magistrate judge] recommended dismissal of two of Mr. Springer's prior cases and Mr. Springer filed a judicial inquiry against him, this was not enough to raise a substantial doubt about his impartiality.").  The Court therefore denies the Church's motion insofar as it seeks an order requiring GuideOne to appoint a different appraiser.

With respect to the remainder of the Church's motion: As GuideOne points out, the parties agree that their dispute about the amount of loss from the hail damage must be resolved through appraisal; there is no need for this Court to order the parties to appraise a loss that they have already agreed to appraise. The Church also asks the Court to stay this case after ruling on its current motion. (GuideOne joins this request.) But the Court does not believe that this case should—or even that it can—remain pending. As is true with respect to any appraisal, a dispute may later develop over the conduct or outcome of this particular appraisal, but the theoretical possibility of such a future dispute does not appear to provide a basis for federal jurisdiction. *See Mo. Soybean Ass'n v. EPA*, 289 F.3d 509, 513 (8th Cir. 2002) ("Because MSA's suit is not ripe for adjudication, we must dismiss this suit for lack of jurisdiction."). The Court will therefore order the Church to show cause why the remainder of this case should not be dismissed without prejudice for lack of jurisdiction.

Finally, GuideOne asks in its brief (but not by way of formal motion) that the Court disqualify the Church's chosen appraiser and require the Church to submit its claim for hail damage to the same panel that considered the claim for wind damage. GuideOne does not claim that the Church's chosen appraiser is biased; instead, it contends that a new panel might unknowingly award money for repairs for which GuideOne has already paid, which would be (quoting *Tilden*) "grossly unfair." This

argument is completely untethered from any basis in *Tilden* (which itself is a slim reed on which to lean). *Tilden* simply recites that "[t]he *trial court* determined that it would be grossly unfair to respondent for appellant to further engage the biased appraiser." *Tilden*, 1988 WL 53105, at *2 (emphasis added). *Tilden* itself did not adopt a "grossly unfair" standard, much less hold that a court has authority to alter the composition of an otherwise properly constituted appraisal panel simply because one side believes that the panel *might* do something "grossly unfair." (As noted, the appellate court criticized the trial court's actions as "unnecessary and gratuitous." *Id.*) The Court therefore rejects this request.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to compel appraisal, compel defendant to name a new appraiser, and stay litigation [ECF No. 12] is DENIED.

2. No later than August 16, 2021, plaintiff must file a brief of no more than 2,000 words showing cause why the remainder of this action should not be dismissed without prejudice for lack of jurisdiction.

3. If plaintiff fails to comply with ¶ 2 of this order, the Court will enter judgment on its denial of plaintiff's motion to compel the appointment of

a new appraiser and dismiss the remainder of this case for lack of jurisdiction.

Dated: August 9, 2021

                                         Patrick J. Schiltz
                                         United States District Judge